UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVONDA AUTAR, on behalf of herself, and as a private attorney general on behalf of all those similarly situated and the general public,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROYCE NEWCOMB; KATHLEEN NEWCOMB, a/k/a, Kathy Newcomb; RK FORECLOSURE SPECIALISTS,<br><br>　　　　　　Defendants. | 2:08-cv-01934-GEB-EFB<br><br>ORDER TO SHOW CAUSE, CONTINUANCE OF STATUS (PRETRIAL SCHEDULING) CONFERENCE, RULE 4(m) NOTICE |

　　　　The August 19, 2008, Order Setting Status (Pretrial Scheduling) Conference (August 19 Order") scheduled a status conference in this case for December 8, 2008, and required Plaintiff to file a joint status report no later than fourteen days prior to the status conference. No status report was filed.

　　　　Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on January 6, 2009, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for the failure to file a timely

1

status report.  The written response shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on January 20, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time.  In accordance with the requirements in the August 19 Order, a status report shall be filed no later than fourteen days prior to the scheduling conference.

Further, if service of process has not been completed on any Defendant by December 17, 2008, Plaintiff shall show cause in a filing due no later December 30, 2008 why that Defendant should not be dismissed under Rule 4(m) for failure to serve process within the 120-day time period.

Dated:   December 5, 2008

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2